86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan D. LONGMAN & Donna Richardson, Plaintiffs-Appellants
v.
UNITED STATES of America, Defendant-Appellee
 No. 94-17186.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided May 24, 1996.
 
 Before: NORRIS and WIGGINS, Circuit Judges, and JONES,* District Judge.
 MEMORANDUM**
 Longman and Richardson appeal from the district court's ruling that their defamation action is preempted by the Civil Service Reform Act (CSRA), Pub.L. No. 95-454 (codified as amended in scattered sections of 5 U.S.C.). This action was removed from Superior Court pursuant to 28 U.S.C. § 2679(d)(2). We have jurisdiction pursuant to 29 U.S.C. § 1291. We reverse and remand so that the parties may pursue further discovery before seeking a ruling on preemption under the CSRA.
 The district court ruled that the alleged defamatory remarks were made in the course of pursuing a "personnel action" because Clements was attempting to take "corrective action" against Longman and Richardson at the time she made the allegedly defamatory statements. According to the court's order, there was no dispute that Clements made the statements complained of by Longman and Richardson in a written memorandum to her superiors. Based on this description of the underlying facts, the court held that the sole remedy for plaintiff's claims was through the CSRA.
 Pending its ruling on the preemption issue, the district court stayed discovery. Further, the district court implicitely rejected the argument, raised by Longman and Richardson in opposition to the preemption motion, that pursuant to Federal Rule of Civil Procedure 56(f) the motion should be denied because further discovery was needed. Longman and Richardson argue alternatively (1) that the facts of this case do not fall within the bounds of CSRA preemption or (2) that the district court abused its discretion by staying discovery and not denying the premption motion on the basis that further discovery was needed pursuant to Federal Rule of Civil Procedure 56(f).
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Nike, Inc. v. Comercial Iberica de Exclusivas, 20 F.3d 987, 990 (9th Cir.1994). The district court's decision not to allow further discovery before ruling on the motion is reviewed for abuse of discretion, International Alliance of Theatrical & Stage Employees v. Compact Video Services, Inc., 50 F.3d 1464, 1466 (9th Cir.), cert. denied, 116 S.Ct. 514 (1995), as is its decision to stay discovery. Alaska Cargo Transport, Inc. v. Alaska R.R. Corp., 5 F.3d 378, 383 (9th Cir.1993).
 We find no fault with the district court's discussion of the law governing CSRA preemption. However, our review of the record reveals that it was an abuse of discretion for the district court to stay discovery pending the ruling on the preemption issue and not to allow further discovery before making a ruling. Contrary to the findings made in the district court's order, the record is highly unclear about the following: (1) whether or not Clements made the sort of defamatory statements alleged by Longman and Richardson and (2) if she did make statements, their content and the context in which Clements made them. Longman and Richardson were not able to depose Clements in connection with this litigation to gather evidence related to the above stated questions. Had the evidence gathered in discovery shown that, as alleged by Longman and Richardson, Clements made the complained of statements outside of the context of a "corrective action," Longman and Richardson may have been able to defeat the CSRA preemption motion.
 There were simply insufficient undisputed facts upon which the district court could base its preemption ruling, and it should have permitted further discovery before proceeding to rule on the issue of CSRA preemption. We reverse the ruling below and remand to allow the parties to conduct further discovery before the district court entertains a renewed motion based on CSRA preemption.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Napoleon A. Jones, Jr., United States District Judge, Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3